UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| ADAM HALE, as Next Friend of B.H., | ) ) ) | |
| Plaintiff, | ) ) | Civil Case No. 5:16-cv-00058-JMH |
| v. | ) ) | **MEMORANDUM OPINION** |
| O'CHARLEY'S RESTAURANT PROPERTIES, LLC, | ) ) ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*

This matter is before the Court on Plaintiff's Motion to Remand to State Court. [DE 9]. Defendant has responded [DE 11] and Plaintiff replied [DE 12], thus, Plaintiff's motion is ripe for decision. Having reviewed the motion, response, and reply, and being otherwise adequately advised, the Court will grant Plaintiff's motion for the reasons set forth below.

*Background*

This case arises from an incident that occurred at an O'Charley's Restaurant on August 3, 2015. Plaintiff, Adam Hale, next friend of B.H., alleges that, on that day, the tip of B.H.'s left ring finger was severed by a bathroom door hinge at the restaurant. On February 1, 2016, Plaintiff brought suit against Defendant O'Charley's Restaurant, LLC in Fayette Circuit Court asserting negligence, res ipsa loquitur, and negligence per se and seeking damages for past, present, and future physical pain and

suffering, medical expenses, and mental anguish; punitive damages; actual, consequential, incidental, and foreseeable damages; and attorneys' fees, costs, pre-judgment and post-judgment interest and expenses. Following Kentucky Rule of Civil Procedure 8.01(2), Plaintiff did not specify the amount of damages in his Complaint, but rather averred that the amount in controversy exceeded the minimum jurisdictional limit of the Fayette Circuit Court. After filing its Answer in Fayette Circuit Court, Defendant filed a Notice of Removal to this Court, alleging federal jurisdiction under 28 U.S.C. § 1332(a) (diversity of citizenship) "because the parties and interests are diverse, and a good faith reading of the Complaint and other information provided by Plaintiff shows the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs." [DE 1 at ¶5].

Plaintiff responded to the removal by moving the Court to remand the case to Fayette Circuit Court. [DE 9]. In support of his motion, Plaintiff argues that Defendant has not met its burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional minimum of this Court. In addition, while the parties appear to agree that the current named parties are diverse at this time, Defendant also argues that there is the potential for a non-diverse party to be brought into the action soon, namely, the person responsible for the installation and maintenance of the subject door hinge. In its response to Plaintiff's Motion to

2

Remand, Defendant states that it would agree that a remand is appropriate if Plaintiff is willing to stipulate that the amount sought in this matter will not exceed $75,000. Defendant further asks that, if the case is remanded, it not be foreclosed from removing the action at that time. Plaintiff replies by arguing that Plaintiff's Motion to Remand does not make a stipulation as to the amount of controversy but, rather, asserts that Defendant has failed to meet its burden of proof as the removing party as to the amount in controversy for diversity jurisdiction.

*Standard*

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it initially could have been brought in federal court. A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). Therefore, a defendant desiring to remove a case from state to federal court has the burden of establishing the diversity jurisdiction requirements of an original federal court action, including the amount in controversy requirement. *Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 612 n. 28 (1979). That burden is not an insubstantial one. *McKinney v. ICG, LLC*, No. 13-cv-12, 2013 WL 1898632, at *1 (E.D. Ky. May 7, 2013).

Where, as here, the complaint seeks an unspecified amount of damages "that is not self-evidently greater or less than the federal amount-in-controversy requirement," the removing defendants must carry its burden by a preponderance of the evidence. *Id.* at *2 (E.D. Ky. May 7, 2013)(citing *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 158 (6th Cir.1993), *abrogated on other grounds by Friend,* 530 U.S. 77). The preponderance-of-the-evidence test requires defendants to support their claims to jurisdiction by producing "competent proof" of the necessary "jurisdictional facts." *Id.* (citing *Gafford,* 997 F.2d at 160)(internal citations omitted). "Competent proof" can include affidavits, documents, or interrogatories. *Ramsey v. Kearns*, No. 12-cv-06, 2012 WL 602812, at *1 (E.D. Ky. Feb. 23, 2012)(citing *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.,* 491 F.3d 320, 330 (6th Cir. 2007)(internal citation omitted)).

If the defendant does not produce evidence showing it is more likely than not that the plaintiffs' claims exceed $75,000, the case must be remanded to state court. *Id.* Federal courts are courts of limited jurisdiction, therefore, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109 (1941); *Walsh v. American Airlines, Inc.,* 264 F. Supp. 514, 515 (E.D. Ky. 1967).

*Discussion*

Here, because Defendant removed this case from state court, it has the burden of proving that the requirements of diversity jurisdiction, including the amount in controversy, are satisfied by a preponderance of the evidence. *McKinney*, 2013 WL 1898632, at *2. Regarding the amount in controversy, Defendant states as follows in its Notice of Removal:

> Upon information and belief, the Plaintiff's medical bills are somewhere between $15,000 and $20,000. Considering the allegations, the type of injury (the amputation and re-attachment of a finger), and the type of damages sought, especially punitive damages, it is apparent from the Complaint and other information from Plaintiff that the amount in controversy exceeds $75,000. Kentucky law allows a plaintiff to claim as much as nine (9) times special damages for punitive damages. If the medical bills are $15,000, the potential punitive damages are well in excess of the jurisdictional amount without consideration of pain and suffering, physical and emotional, as well as future medical bills.

[DE 1, Defendant's Notice of Removal at ¶12].

Thus, rather than submitting proof about the amount in controversy, Defendant asks the Court to make an assumption about the value of the claims involved, namely, that "Plaintiff's medical bills are somewhere between $15,000 and $20,000." This approximation is not proof, and the law in the Sixth Circuit is clear that neither speculation nor conclusory allegations constitute competent proof. *Ramsey v. Kearns*, No. 12-cv-06, 2012 WL 602812, at *1 (E.D. Ky. Feb. 23, 2012).

In its Motion to Remand, Plaintiff submits proof of B.H.'s medical bills received to date, which total $5,884.46 and include the expense of transporting B.H. to the University of Kentucky medical center, reattachment of B.H.'s finger, a skin graft, and periodic follow-up appointments. [DE 9, Exhibits 1 and 2]. Plaintiff further states that "the *possibility* of physical therapy has been discussed if BH cannot independently regain dexterity in his finger. Otherwise, there are no concrete or prospective plans for future medical treatment beyond the periodic checkups." [DE 9 at 2]. In its response to Plaintiff's Motion to Remand, Defendant provides no evidence at all of its $15,000 to $20,000 estimate nor any rebuttal to Plaintiff's argument that Defendant has failed to establish the amount in controversy as required by 28 U.S.C. § 1332. Rather, Defendant states that it agrees that remand is appropriate "[i]f Plaintiff is willing to stipulate, as it appears from his motion, that the amount in this matter will not exceed $75,000.00." [DE 11]. Plaintiff replies by stating that his Motion to Remand should not be construed as a stipulation as to the amount in controversy but rather simply as an assertion that Defendant has failed to meets its burden of proof, as the removing party, as to the amount in controversy. [DE 12 at 1].

The Court agrees with Plaintiff that Defendant has not met its burden of demonstrating that the amount in controversy has been met. Not only has Defendant not submitted "competent proof"

that the amount in controversy has been, Defendant has submitted no proof. *See McKinney*, 2013 WL 1898632, at *2 (citing *Gafford*, 997 F.2d at 158, *abrogated on other grounds by Friend,* 530 U.S. 77. This Court has found that while, in some cases, establishing the amount in controversy requires "no great leap of the imagination," "[t]he value of bodily injuries, on the other hand, is more difficult to ascertain," especially absent a grievous injury. *Ramsey*, 2012 WL 602812 at *2. Such was the case in *Burgett v. Troy-Bilt, LLC*, No. 11-cv-110, 2011 WL 4715176, at *2 (E.D. Ky. Oct. 5, 2011) wherein, as a result of the defendants failing to adequately prove the value of plaintiff's two amputated toes, Judge Thapar remanded the case to state court. Thus, while this Court does not disbelieve that B.H. sustained a serious injury, without proof that the jurisdictional amount has been satisfied, this case must be remanded. *Shamrock Oil,* 313 U.S. at 109; *Walsh* 264 F. Supp. at 515.

The Court further agrees with Plaintiff that a refusal to stipulate damages is not sufficient to confer diversity jurisdiction in this Court. *Lemaster v. Bob Evans Farms, LLC*, No. 15-cv-50, 2015 WL 4987890, at *2 (E.D. Ky. Aug. 19, 2015). To allow a refusal to stipulate damages to confer jurisdiction would be "flip[ping] the jurisdictional burden on its head." *McKinney,* 2013 WL 1898632 at *5. As the removing party, it is the Defendant

who bears the burden of producing evidence of the amount in controversy.  As Judge Thapar explained in *McKinney*:

> To hold that Defendants can remove these cases based solely on the Plaintiffs' refusal to stipulate to damages below $75,000.00 would force a Hobson's choice on Plaintiffs. If they refuse to stipulate to the limitation, they abandon the forum they feel best serves their interest. And if they sign the stipulation, they eliminate the possibility that discovery might reveal their claims are worth more than they initially thought, or that the jury will return an unexpectedly large award. The per se approach pushed here would allow Defendants to use removal as a tool to ensure that they either receive the form that they want or eliminate the possibility of an award greater than $75,000.00. Federal diversity jurisdiction was not meant for such strategic ends.

*Id.*

As the case currently stands, the bulk of medical bills have been received by Plaintiff's counsel and amount to $5,884.46. Plaintiff states that "[a]ny outstanding medical bills would simply reflect perfunctory follow-ups or medical treatment that have not yet been recommended." [DE 9 at 5]. As Plaintiff argues, because these expenses are not yet known to Plaintiff, they could not have been known to Defendant at the time of removal.  In sum, even if Defendant's 9:1 punitive ratio is correct, which need not be addressed by the Court at this time, this would amount to $52,960.14 in damages at the time of removal ($5,884.46 x 9), which falls short of the $75,000 amount in controversy requirement of this Court.

In conclusion, diversity has not been established, and this Court cannot properly exercise jurisdiction over this matter. As such, this case will be remanded to Fayette Circuit Court. If Defendant discovers evidence demonstrating that the amount in controversy has been met, it may seek removal again at that time.[1] *McKinney*, 2013 WL 1898632, at *6.

Accordingly, **IT IS HEREBY ORDERED:**

(1) that Plaintiff's Motion to Remand [DE 9] is **GRANTED;**

(2) that this matter is hereby **REMANDED** to the Fayette Circuit Court;

(3) that all schedules and deadlines are **CONTINUED GENERALLY;** and

(4) that this matter shall be and hereby is **STRICKEN FROM THE COURT'S ACTIVE DOCKET.**

This the 22nd day of March, 2016.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge

---

[1] When the complaint is silent as to the amount in controversy, the defendant should engage in discovery on that issue before removing the case. *Burgett*, 2011 WL 4715176, at *3.